UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

EVANSTON INSURANCE COMPANY,　　　　　　Case No.:7:20-CV-03021

　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(KMK)

　　-against-

THORNWOOD FOUR CORNERS LLC, and JORGE
DINIS,

　　　　　　　Defendant.

------------------------------------------------------------------x

## STIPULATED PROTECTIVE ORDER

　　　　This matter having come before the Court by stipulation of Plaintiff Evanston Insurance Company ("Evanston") and Defendant Thornwood Four Corners, LLC ("Thornwood") (jointly "the Parties") for the entry of a protective order,

　　　　**IT IS THEREFORE ORDERED** that:

1.　　A.　PURPOSES AND LIMITATIONS

　　　　Disclosure and discovery activity in this Action is certain to involve production of information that contains trade secrets, proprietary research and development, commercial information or other confidential, proprietary, or private information within the meaning of the Federal Rules of Civil Procedure for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. See Individual Rules of Practice of the Honorable Kenneth M. Karas Section IX. Sealed Filings sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

　　　　B.　GOOD CAUSE STATEMENT　　*and Individual Practices of Magistrate Judge Andrew E. Krause, which*

　　　　This is an Action for declaratory judgment in which Plaintiff seeks declarations under a general liability policy of insurance to Defendant Thornwood, in effect from May 20, 2016 to May 20, 2017, under Policy Number 2CX0063. Evaluating coverage in this case may involve the production of certain confidential and/or privileged materials in Evanston's claim file and/or underwriting file for the policy issued to Thornwood.

The issuance of this Protective Order will allow for efficiency in the discovery process and provide a mechanism by which discovery of relevant confidential information may be obtained in a manner that protects against risk of disclosure of such information to persons not entitled to such information. Further, the issuance of this Protective Order will protect the Parties' interests by providing the Parties recourse in this Court in the event that a Party or Non-Party improperly handles non-public information protected by the attorney-client privilege, the attorney work product doctrine, or information that is otherwise confidential information that the parties have to exchange in the course of discovery propounded and depositions taken in this Action.

2. DEFINITIONS

    2.1  Action: means the current case of Evanston Insurance Company v. Thornwood Four Corners LLC, and Jorge Dinis, Case No. 7:20-cv-03021-KMK pending in the Southern District of New York.

    2.2  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as otherwise specified above in the Good Cause Statement.

    2.4  Counsel: Outside Counsel of Record and In-House Counsel (as well as their respective support staff).

    2.5  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.6  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery or subpoenas in this matter.

    2.7  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.8  In-House Counsel: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.9  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

    2.10  Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

  2.11 <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

  2.12 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

  2.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, court reporting, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  2.14 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

  2.15 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

  2.16 <u>Parties</u>:  all parties to this Action, including all of their officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3. <u>SCOPE</u>

  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material

  Any use of Protected Material at trial shall be governed by the orders of the Magistrate and District Judges.  This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

  5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u>  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts

of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations.   Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legends "CONFIDENTIAL" and "SUBJECT TO PROTECTIVE ORDER" (hereinafter collectively "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(c) where discovery material described in (a) or (b) above has previously been produced, the Designating Party shall make such designation by written notice to all Parties that the document(s) should be treated as "CONFIDENTIAL," by identifying the Disclosures or Discovery Material to be designated with particularity (i.e., by production

numbers where available). Upon notice of the designation, all parties (i) shall make no further disclosure of the Protected Material, except as provided by this Stipulated Protective Order; and (ii) if such Protected Material has already been disclosed to any person or in any circumstance not authorized under this Stipulated Protective Order, shall immediately inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A).

(d) for testimony given in depositions, hearing, or other proceeding, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the proceeding. Any Party also may designate testimony that is entitled to protection by notifying all Parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "CONFIDENTIAL" thereafter. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control. Unless otherwise indicated, all deposition transcripts shall be treated as "CONFIDENTIAL" for a period of thirty (30) days after the receipt of the transcript. This preliminary treatment, however, shall not limit a deponent's right to review the transcript of his or her deposition under Federal Rule of Civil Procedure 30(e)(1).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Federal Rule of Civil Procedure 37, et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the

provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

Any Protected Material that a Producing Party produces to a Receiving Party, whether produced as hard copies on paper or electronic copies on storage media such as CD-ROM, DVD or flash drive, shall be maintained only in such format by the Receiving Party and by any person or entity identified in Paragraph 7.2 of this Order to whom the Receiving Party discloses any information or item designated as "CONFIDENTIAL."

7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party and the Receiving Party's Outside Counsel of Record, as well as employees of the Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who agree to be bound by the terms of this Order;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that the deponent may not retain information designated **CONFIDENTIAL** at the conclusion of the deposition.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Outside Counsel of Record who, on behalf of a Receiving Party, receives Protected Material from a Producing Party shall not disclose to the Party he or she represents in this Action any Protected Material that a Producing Party produces to Outside Counsel of Record (as described in Paragraph 7.1 of this Order), unless it is reasonably necessary to prosecute

or defend this Action.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or other proceeding of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "**CONFIDENTIAL**." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A).

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), this Stipulated Protective Order, once signed by the Court, shall constitute an order that the privilege or protection as to an inadvertently produced document is not waived by disclosure connected with the litigation pending before the Court and the disclosure is also not a waiver in any other federal or state proceeding.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By agreeing to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Individual Rules of Practice of the Honorable Kenneth M. Karas Section IX. Sealed Filings⁴ Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court for a reason other than

⁴ or the Individual Practices of Magistrate Judge Andrew E. Krause, if the filing is within the order of reference.   ⁵ Section 5,

failure to comply with Individual Rules of Practice of the Honorable Kenneth M. Karas Section IX. Sealed Filings, *of the Individual Practices of Magistrate Judge Andrew E. Krause, Section 5,* then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. **FINAL DISPOSITION**

    13.1    This Protective Order shall continue to be binding after final disposition of this Action as provided in Paragraph 4 above, except that a Party may seek the written permission of the producing Party or further order of the Court with respect to dissolution or modification of this Protective Order.

    13.2    Within 30 days after final disposition of this Action as provided in Paragraph 4 above, all documents designated as containing "CONFIDENTIAL" Information, including copies, shall be returned to the Party or Producing Party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the Producing Party that it has done so. This provision does not apply to the Court or its staff.

    13.3    The Court shall retain Jurisdiction to enforce or modify this Protective Order. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

/s/ *April T. Villaverde*
April T. Villaverde
/s/ *John C. Gainey*
John C. Gainey
**KENNEDYS CMK, LLP**
570 Lexington Avenue, 8th Floor
New York, New York 10022
(212) 252-0004
(212) 832-4920
April.Villaverde@kennedyslaw.com
*Attorneys for Plaintiff,*
*Evanston Insurance Company*

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge
10/29/20

/s/ *James Burchetta, Esq.*
James Burchetta, Esq
Burchetta & Associates
100 Park Avenue, Ste 1700
New York, New York 10017
James@Burchettalaw.com
*Attorneys for Defendant,*
*Thornwood Four Corners, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

EVANSTON INSURANCE COMPANY,

                        Plaintiff,

      -against-

THORNWOOD FOUR CORNERS LLC, and JORGE DINIS,

                       Defendant.
-------------------------------------------------------------------x

Case No.:7:20-CV-03021

**NON-DISCLOSURE AGREEMENT**

      I, _____, acknowledge that I have read and understand the Protective Order in this Action governing the non-disclosure of those portions of the materials that have been designated as **CONFIDENTIAL**. I agree that I will not disclose such Confidential material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.

      I will only make such copies or notes as are essential to enable me to render the assistance required in connection with this litigation, and such notes or copies shall be preserved in a separate file marked for disposal or destruction upon completion of this litigation.

      I will not disclose or divulge any information, material or document, designated as **CONFIDENTIAL** to persons other than those specifically authorized by said Order. I also agree to notify any secretarial, stenographic, clerical, or other personnel who are required to assist me of the terms of said Order.

      I will not, now or at any time in the future, copy or use any **CONFIDENTIAL** material for business or competitive purposes, or for any purpose other than the prosecution or defense of this Action.

      By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

      I state under penalty of perjury that the foregoing is true and correct.
Executed this _____ day of _____, _____.

                                              _____